IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE LOUIE,

    Plaintiff,                                            No. CIV S-11-0107 FCD EFB (TEMP) PS

    vs.

KIM SPINELLA, et al.,

    Defendants.                         <u>ORDER</u>

        This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). On March 10, 2011, plaintiff filed a "Notice of Filing Bankruptcy" in several of plaintiff's other actions before this court, indicating that an involuntary Chapter 7 bankruptcy petition was filed against him.[1] *See, e.g., Louie v. Stomer Valley 2000 Revocable Trust*, 2:11-cv-108-MCE-EFB, Dckt. No. 27. Therefore, on March 16, 2011, the undersigned ordered plaintiff to file a brief indicating whether this case should be stayed pursuant to the automatic bankruptcy stay, 11 U.S.C. § 362, and/or whether plaintiff has standing to bring this action in light of the pending bankruptcy. Dckt. No. 21. The

---

[1] On April 6, 2011, plaintiff also filed a second "Notice of Filing Bankruptcy," indicating that he filed a voluntary bankruptcy petition on April 1, 2011. Dckt. No. 26; *see also* Dckt. No. 25, Ex. B.

1

undersigned also provided defendants and/or lien holders an opportunity to file such a brief and/or a response to plaintiff's brief.[2] *Id.*

Plaintiff filed a response to the March 16 order, indicating that because of the pending bankruptcy action this case should be stayed and plaintiff lacks standing to bring this action. Dckt. No. 23. Lien holder Elena Sadur also filed a response to the March 16 order and to plaintiff's brief. Dckt. No. 24. Ms. Sadur contends that plaintiff "only addressed the issue of whether he had standing to bring this action; he did not answer whether this case should be stayed pursuant to the automatic bankruptcy stay, 11 U.S.C. §362." *Id.* She then argues that this case is not stayed because § 362(a)(1) only stays actions that are against the debtor and "[t]his is not an action against the debtor; this is an action brought on behalf of the debtor, against defendants that have not declared bankruptcy." *Id.* However, Ms. Sadur did not address whether plaintiff has standing to proceed in this action in light of the pending bankruptcy.

On April 6, 2011, defendants Kim Spinella dba Gary's Bar & Grill, Marysville Veterinary Hospital, PDQ Van and Storage, Don Karl dba Don's Autos, H & S Automotive, David Ellyson dba David Ellyson, DC, Ralph's Glass, Super Quick Liquor and Mohan Sethi, All-Rite Market 98, and Hasmukl Patel and Smita Patel dba Budget Inn also filed a response to the March 16 order. Dckt. No. 25. The defendants argue that although they have settled this case, the action is part of the bankruptcy estate and therefore plaintiff lacks standing.[3] *Id.*

Although the lien holder desires that this action proceed since she seeks to use this action as a collection proceeding, because of the pending bankruptcy actions, plaintiff does not have standing to proceed in the action. Upon a declaration of bankruptcy, all of the debtor's legal or equitable interests in property become the property of the bankruptcy estate. *Manlangit v. Nat'l*

---

[2] The order also continued the hearing on plaintiff's motion for court approval of his settlement with defendants to April 20, 2011.

[3] Defendants also note that on March 30, 2011, the Bankruptcy Court issued an Order for Relief, which removed plaintiff's ability to continue to deal with assets and property. Dckt. No. 25, Ex. A.

*City Mortg.*, 2010 WL 2044687, at *1 (E.D. Cal. May 20, 2010) (citing 11 U.S.C. § 541(a)). This includes causes of action. *See id.*; *see also Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir.1986); *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1453 (D. Haw. 1996). Therefore, "a bankruptcy petitioner loses standing for any causes of action and the estate becomes the only real party in interest unless the bankruptcy trustee abandons the claims" or the claims are exempt from the bankruptcy estate. *Manlangit*, 2010 WL 2044687, at *1 (citing *In re Lopez*, 283 B.R. 22, 28-29 (9th Cir. 2002); *In re Pace*, 146 B.R. 562, 565-66 (9th Cir. 1992)); *Rowland*, 949 F. Supp. at 1453.

Here, plaintiff has not indicated that the bankruptcy trustee(s) has/have abandoned the claims against defendants or that this action is exempt from or should be excluded from the bankruptcy estate(s); in fact, plaintiff concedes that he lacks standing to bring this action. Therefore, plaintiff and/or the bankruptcy trustee(s) will be required to substitute or join the bankruptcy trustee(s), or show the trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."). If plaintiff and the bankruptcy trustee(s) fail to do so, the undersigned will recommend that this action be dismissed with prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. On or before April 29, 2011, plaintiff and/or the bankruptcy trustee(s) shall substitute or join the bankruptcy trustee(s), or show the trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3).

2. If plaintiff and the bankruptcy trustee(s) fail to comply with the Rule 17 requirements on or before April 29, 2011, the undersigned will recommend that this action be dismissed with prejudice.

1    3.    The hearing on plaintiff's motion for court approval of his settlement with
2 defendants is continued to May 25, 2011 at 10:00 a.m. in Courtroom No. 24.
3    4.   The status (pretrial scheduling) conference currently set for hearing on May 25, 2011
4 is continued to July 20, 2011 at 10:00 a.m. in Courtroom No. 24.  The parties shall file status
5 reports, as required by this court's January 12, 2011 order, on or before July 6, 2011.
6    5.   Within five days of the date this order is filed, plaintiff shall serve a copy of this order
7 on the bankruptcy trustee(s) and shall file a proof of such service.
8 DATED:  April 14, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4